## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **JOHN SCOTT JORGENSEN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )  No. 2:22-cv-00397-NT |
| | ) |
| **PETER JORGENSEN et al.,** | ) |
| | ) |
| **Defendants** | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Pro se plaintiff and Maine resident John Scott Jorgensen invokes diversity jurisdiction as the basis for his suit against his out-of-state siblings and three Maine attorneys for damages arising from the probate of his late mother's estate. *See* Complaint (ECF No. 1) at 1-2, 10; Civil Cover Sheet (ECF No. 2); Jorgensen Diversity Disclosure Statement (ECF No. 5). Defendant Matthew Newman, a citizen of Maine, moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint for failure to demonstrate the requisite complete diversity of citizenship between Jorgensen and the Defendants. *See* Motion to Dismiss (ECF No. 8); Newman Diversity Disclosure Statement (ECF No. 9); Reply (ECF No. 18). Because complete diversity plainly is lacking, I recommend that the Court grant the motion to dismiss and dismiss the Complaint for lack of subject matter jurisdiction.

### I. Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure "raises the fundamental question whether the federal district court

1

has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 61 (3d ed. 2004)). A "trial court without jurisdiction lacks 'all authority to hear a case.'" *United States v. Millenium Lab'ys, Inc.*, 923 F.3d 240, 249 (1st Cir. 2019) (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015)).

As a general rule, "courts must adjudicate plausible challenges to their jurisdiction prior to adjudicating the merits of a case." *Brait Builders Corp. v. Massachusetts*, 644 F.3d 5, 10 (1st Cir. 2011). The plaintiff, as the party invoking the court's jurisdiction, bears the burden of proving that such jurisdiction exists. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).

## II. Discussion

Under 28 U.S.C. § 1332(a), federal courts have jurisdiction to hear and determine suits "between . . . citizens of different States" if the amount in controversy exceeds $75,000. "Diversity jurisdiction exists only when there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). Jorgensen and at least one defendant, Newman, are citizens of the State of Maine, stripping the Court of diversity jurisdiction over this suit. *See* Jorgensen Diversity Disclosure Statement; Newman Diversity Disclosure Statement.

Indeed, Jorgensen recognizes as much, urging this Court to adopt a standard of "minimal" rather than "complete" diversity, as advocated by law school professor E. Donald Elliott. Complaint at 3; E. Donald Elliott, *The "Complete Diversity"*

*Requirement for Federal Jurisdiction: Time to Correct This 210-Year-Old Error*, 26 Legal Opinion Letter (July 28, 2017) (ECF No. 1-6); Opposition (ECF No. 10).[1] This Court is not in a position to grant that request. "Since *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806), [the United States Supreme Court has] read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (cleaned up). That interpretation remains controlling law. *See, e.g.*, 20 Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure Deskbook* § 26, Westlaw (database updated April 2022) ("[E]xcept when Congress has authorized something less than complete diversity, Strawbridge v. Curtiss remains the controlling rule.").

### III.  Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** the Motion to Dismiss and **DISMISS** the Complaint for lack of subject-matter jurisdiction.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

---

[1] Jorgensen also filed what amounts to an amended Opposition in which he argued that this Court is not bound by complete diversity.  *See* ECF No. 20.  This filing should be stricken for failure to obtain leave of court.  In any event, Jorgensen's argument is unpersuasive for the reasons discussed above.

Dated: March 1, 2023.

<u>/s/ Karen Frink Wolf</u><br>
United States Magistrate Judge